UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIELA MERCADO, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) ) | |
| 3613 Jamison Street NE Washington, D.C., 20018 | ) ) ) | Civ. No. |
| vs. | ) ) | PLAINTIFF DEMANDS A TRIAL BY JURY |
| BETTY LOU'S, INC., | ) ) | |
| Defendant, | ) ) | |
| *SERVE VIA PRIVATE PROCESS* BH SERVICE CO., INC. 805 SW Broadway, Suite 1900 Portland, OR 97205 | ) ) ) ) ) | |
| CVS PHARMACY, INC., | ) ) | |
| Defendant, | ) ) | |
| *SERVE VIA PRIVATE PROCESS* CT CORPORATION SYSTEM 450 Veterans Memorial Pkwy, Ste 7a East Providence, RI 02914 | ) ) ) ) ) ) | |
| and | ) ) | |
| DOE INC. 1 – 5, | ) ) | |
| Unknown Defendants. | ) ) | |

_____

## **COMPLAINT**

Plaintiff Mariela Mercado ("Plaintiff"), by and through her undersigned attorney, the

Law Office of Mohaimina Haque, PLLC, brings this Class Action Complaint against Defendant

Betty Lou's, Inc. ("Defendant Betty Lou's"), Defendant CVS Pharmacy, Inc. ("Defendant

1

CVS"), and Defendants Doe Inc. 1-5 ("Doe Defendants"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

<u>**NATURE OF THE ACTION**</u>

1.      Defendant Betty Lou's formulates, manufactures, advertises and sells the popular Betty Lou's, Inc. branded "Protein Shake" in various flavors (the "Product") throughout the United States, including in the District of Columbia.  Defendant Betty Lou's markets its Product in a systematically misleading manner, by misrepresenting that the Product has specific amounts of protein that it does not in fact contain (the "Misrepresentations").  To further encourage sales of the Product and to conceal the Misrepresentations, Defendant Betty Lou's offers the Product in diverse flavors, such as Vanilla, Orange Cream, and Chocolate, along with statements such as the Product is "delicious" and has "high-quality milk and rice proteins, digestive enzymes, probiotics, fiber, and an energizing vitamin & mineral blend." Other common statements employed by Defendant Betty Lou's are such as:  "These shakes are perfect as a mid-day snack, as a meal replacement, or as a boost to exercise workouts!  The shakes mix instantly in water and are a satisfying nutritious drink.  Gluten, sugar, soy, and hormone-free.  Provides 20% of your daily fiber needs."

2.      Defendant CVS and the Doe Defendants are corporate entities that have chosen to enable the Defendant Betty Lou's Misrepresentations for the sake of increasing the profits of these corporate entities.

3.      Because the sales of Defendant Betty Lou's are driven by consumers seeking protein supplementation, Defendant Betty Lou's prominently displays on the front of the Product that it

is a "PROTEIN SHAKE," and on the back of each Product's label Defendant Betty Lou's states

definitively and unequivocally under "Nutrition Facts" that each serving of the Product contains

20g of protein.

4.      Advertising by Defendant Betty Lou's of the Product further emphasizes that the Product

is one of "Betty Lou's" products that has continued a "Betty Lou's" tradition to "challenge the

notion that healthy, all-natural, gluten-free products have to compromise on taste."  Defendant

Betty Lou's asserts that the Product is part of the "Betty Lou" commitment to make "delicious

products" that are "healthy, all-natural, gluten-free" and part of the "Betty Lou" story of sweet

and humble beginnings that has continued to the present, with the ongoing promise of Betty Lou

that she:

> " . . . chose 'Just Great Stuff... and Plenty of it!' as our motto
> because it truly reflects the dedication that we have to the quality
> of our products.  I always use the best, healthiest, cutting edge
> ingredients because I believe that they taste better and make you
> feel better."

5.      In light of the inducements of Defendant Betty Lou's and the promotional activities and

enablements of all the Defendants, Plaintiff and each of the Class members purchased the

Product developed, manufactured (directly or indirectly), and sold by Defendant Betty Lou's.

6.      This Product was marketed as a protein supplement for consumers that would provide the

user with a substantial portion of a person's recommended daily protein intake.  In that vein, the

federally mandated nutritional label provided with the Product falsely stated characteristics of the

Product.

7.      In fact, the Product provided less actual protein than the amount of protein that was stated

on the nutrition label, and contained virtually no Free Amino Acids.  Accordingly, the Product

label was misleading, inaccurate, and false. The Product provided none of the benefits of protein

3

that one would expect from a "protein supplement," because it was made with some substance or substances that failed to provide any significant degree of Free Amino Acids and which consistently provided less than the stated amount of protein per serving.

8.      Plaintiff, and a host of other consumers, purchased the Product in reliance on marketing materials of Defendant Betty Lou's, and especially on the false and misleading nutritional label. Defendant Betty Lou's reaped substantial profits from these consumers, who received an inadequate and substandard product sold under false pretenses.

9.      Plaintiff, and a host of other consumers, also purchased the Product in reliance on the promotional activities and enablements of Defendant CVS and the Doe Defendants, and especially on the product placement and buttressing of the reputation of the Product in connection with the Defendants' own brands, and these Defendants likewise reaped substantial profits as a result of the purchases of these consumers, who received an inadequate and substandard product sold under false pretenses at least in part occasioned by the efforts of Defendant CVS and the Doe Defendants.

10.      When Defendant Betty Lou's was informed of the basis for the present action, and the wrongful conduct complained of herein, Defendant Betty Lou's altered its website to spoliate the evidence contained on that website, which would have been unfavorable to Defendant Betty Lou's.  On information and belief,  Defendant Betty Lou's has taken additional steps to spoliate evidence and otherwise frustrate justice in this case.

11.      Plaintiff and each of the Class members accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages, statutory damages, and injunctive relief to address the wrongful conduct of the Defendants.

## JURISDICTION AND VENUE

**12.**     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §

1332(d).

**13.**     Plaintiff is a citizen of a state different from Defendants and seeks to represent other

Class members who are citizens of states different from each of the Defendants.

**14.**     This Court has personal jurisdiction over each of the Defendants because this action

arises out of and relates to the Defendants' contacts with this forum.

**15.**     The contacts of Defendant Betty Lou's with this forum include but are not limited to

sales of the Product directly to commercial (e.g., CVS Pharmacy locations) and individual

consumers located in this district, including Plaintiff; shipping the Product to commercial and

individual consumers in this district, including Plaintiff; knowingly directing advertising and

marketing materials concerning the Product into this district, including (but not limited to)

through wires and mails, and by operating an e-commerce web site that offers the Product for

sale to commercial and individual consumers in this district, and through which commercial and

individual consumers residing in this district have purchased the Product.

**16.**     Defendant Betty Lou's has sold the Product to retailers in this district for the purpose of

making the Product available for purchase by individual consumers in this district.

**17.**     Defendant CVS and the Doe Defendants are retailers in this district, and nationwide, who

promote and sell the Product through their stores in this district, and nationwide, to unsuspecting

individual consumers.

**18.**     Defendant Betty Lou's also knowingly directs electronic activity and ships the Product

into this district with the intent to engage in business interactions for profit, and it has in fact

engaged in such interactions, including the sale of the Product to Plaintiff, and Plaintiff's losses

and those of other Class members were sustained in this district.

19.     Even where an individual consumer has purchased the Product directly from Defendant

Betty Lou's through e-commerce and direct sales, a substantial number of those sales have been

influenced and encouraged through the product placement, promotion, and other enabling

activity of Defendant CVS and the Doe Defendants.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this

District and because Defendants transact business and/or have agents within this District.

**PARTIES**

21.     Plaintiff Mariela Mercado is a citizen of the District of Columbia who resides in

Washington, District of Columbia.

22.     Other Class members are persons similarly situated to the Plaintiff with respect to the

conduct of Defendant Betty Lou's.

23.     Defendant Betty Lou's Betty Lou's, Inc., is incorporated in the state of Oregon, with a

principal place of business located at 750 SE Booth Bend Road, McMinnville, OR 97128.

24.     Defendant CVS is incorporated in the state of Rhode Island, with a principal place of

business located at One CVS Drive, Woonsocket, RI 02895.

25.     Doe Inc. 1-5 are as yet unidentified business entities whose identities are anticipated to

become fully known through discovery, although the fact is currently evident that such identities

do exist, but are currently unknown with sufficient particularity to specifically name the entities

as defendants at this time.  Plaintiffs may be permitted to proceed against a fictitiously named

defendant when it appears that the true identity of a defendant can be learned through discovery

or with the intervention of the court.  Munz v. Parr, 758 F.2d 1254 (8th Cir. 1985).  Plaintiff fully

anticipates being able to specifically name the Doe Defendants in a sufficiently timely fashion.

26.     The terms "Defendant" or "Defendants" as used herein include employees, agents,

servants, staff, and any other persons under the supervision or control of a defendant or

defendants during times relevant herein.  The terms "Defendant" or "Defendants" as used herein

also include any parent, affiliate, subsidiary, preceding or surviving entity.

## GENERAL ALLEGATIONS

27.     In 2019, Ms. Mercado purchased Betty Lou's, Inc., Whey Chocolate Protein Shake

directly from Defendant Betty Lou's through the Defendant's e-commerce web site provided to

persons residing in this district.

28.     On information and belief, Plaintiff Ms. Mercado had been influenced and encouraged to

purchase the Product through the product placement, promotion, and other enabling activity of

Defendant CVS and the Doe Defendants.

29.     Representational pictures of the product as advertised are as follows:

 

30.     Below, is a copy of "Nutrition Facts" in which Defendant Betty Lou's states definitively and unequivocally that each serving of the Product contains 20g of protein:



31.     Prior to purchase, Ms. Mercado carefully read the promotional material associated with the Product, including the representation made by Defendant Betty Lou's that each serving of the Product contained 20g of protein.

32.     Given promotional material and other assurances from Defendant Betty Lou's, Plaintiff Ms. Mercado understood the statements of Defendant Betty Lou's to mean that each serving of the Product contained 20g protein, and Plaintiff relied on the statements of Defendant Betty Lou's such that she would not have purchased the Product from Defendant Betty Lou's if the truth were known, or would have only been willing to pay a substantially reduced price for the Product had she known that representations of Defendant Betty Lou's were false and misleading.

**33.**    It is axiomatic that the amount of reported protein contained within the Product sold by Defendant Betty Lou's is material to any consumer seeking to purchase a protein supplement. Consistent with this material commercial aim, the stated ingredients noted by Defendant Betty Lou's for the Product include "Whey Protein Concentrate, Milk Protein Isolate, Whey Protein Isolate" and "rice proteins." These protein sources differ from raw milk because they are processed to include a higher concentration of protein and remove much of the fats and carbohydrates traditionally found in milk and other naturally occurring beverages.  Thus, the type of concentrated protein within the Product is particularly prized.

**34.**    Defendant Betty Lou's labels and advertises the Product in a manner that highlights the amount of added protein contained within the Product.  The packaging selected by Defendant Betty Lou's for use on the Product boasts on the front label that the Product is a "Protein Shake," and claims directly on the back-nutritional label that 40 percent of a person's Recommended Daily Value for protein will be provided by each serving of the Product.  Such representations constitute an express warranty regarding the Product's protein content.[1]

**35.**    However, based upon testing commissioned by Plaintiff's attorneys, each serving of the Product (in the "Whey Chocolate Protein Shake" flavor) was only shown to contain between 16.48 grams and 17.71 grams of protein, with virtually no Free Amino Acids.  Examining all flavors, the Product was only shown to contain between 14.57 grams and 19.67 grams of protein, again, with virtually no Free Amino Acids.  A true and correct copy of the Product testing commissioned by Plaintiff's attorneys is attached hereto as Exhibit A.

---

[1]  All product images contained within this complaint were taken from archival material for Defendant's website.

**36.**     Pursuant to 21 U.S.C. § 321(f), the Product sold by Defendant Betty Lou's constitutes a "food" regulated by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, et seq., and related FDCA regulations.

**37.**     The false, deceptive and misleading label statements of Defendant Betty Lou's violate 21 U.S.C. § 343(a)(1) and the so-called "little FDCA" statutes adopted by many states,[2] which deem food misbranded when labeling is false or misleading.

**38.**     The District of Columbia has expressly adopted dietary labeling requirements as its own legal requirement for food supplements.  Thus, a violation of food labeling laws is actionable as negligence per se under District of Columbia law, as well as under the laws of the various states.

**39.**     The false, deceptive and misleading label statements of Defendant Betty Lou's also are unlawful under state Unfair and Deceptive Acts and Practices Statutes and/or Consumer Protection Acts of the various states and the District of Columbia, which prohibit unfair, deceptive or unconscionable acts in the conduct of trade or commerce.

**40.**     The introduction of misbranded food into interstate commerce is prohibited under the FDCA and all state parallel statutes cited in this Class Action Complaint.

**41.**     Defendant Betty Lou's intended for Plaintiff and the Class members to be misled.

**42.**     Defendant CVS and the Doe Defendants also intended for Plaintiff and the Class members to be misled.

**43.**     The Defendants are jointly and severally liable for the harms caused.

**44.**     Defendants' misleading and deceptive practices proximately caused harm to the Plaintiff and the Class.

---

2  *See, e.g.*, D.C. Code § 48-103(Q)(iii)(prohibiting dietary supplements "not composed of all of the ingredients advertised or printed or written on the . . . labels").

## CLASS ACTION ALLEGATIONS

**45.**     Plaintiff brings this action individually and as representatives of all those similarly

situated pursuant to Federal Rule of Civil Procedure 23 on behalf of the below-defined Classes:

> **National Class:**  All persons in the United States that purchased the Product.
>
> **Consumer Fraud Multi-State Class:**  All persons in states with Unfair and Deceptive Acts and Practices Statutes and/or Consumer Protection Acts substantially similar to that of the District of Columbia.[3]
>
> **District of Columbia Subclass:**  All persons in the District of Columbia that purchased the Product, and all persons who otherwise are entitled to bring an individual action against any Defendant in this district.

Excluded from the Classes are each of the Defendants and each Defendant's affiliates, parents,

subsidiaries, employees, officers, agents, and directors.  Also excluded are any judicial officers

presiding over this matter and the members of their immediate families and judicial staff.

**46.**     Plaintiff reserves the right to alter the Class definitions as necessary at any time to the full

extent permitted by applicable law.

**47.**     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

can prove the elements of her claims on a class-wide basis using the same evidence as would be

used to prove those elements in individual actions alleging the same claims.

**48.**     To the extent required, the Class and Subclass members are readily ascertainable from the

Defendants' records and/or each Defendant's agents' records of retail and online sales, as well as

through public notice.

**49.     Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Classes

are so numerous that their individual joinder herein is impracticable.  On information and belief,

---

3  D.C. Code § 28-3901, *et seq.*  As discussed in the 1st Claim for Relief, below, the law governing the Multi-State Class is that of those states with substantially similar consumer fraud laws to that of the District of Columbia under the facts of this case, which extends to laws in all 50 states, as elucidated in the 1st Claim for Relief.

Class members number in the thousands to millions.  The precise number of all Class members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendants' books and records.  Class members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

50.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Such common questions of law or fact include (but are not limited to):

a)      The true nature, quality, and amount of the protein in the Product;

b)      Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

c)      Whether the promotional activities and enablements of Defendant CVS and the Doe Defendants – especially the product placement and buttressing of the reputation of the Product in connection with the Defendants' own brands – are deceptive;

d)      The extent and type of coordination between each Defendant.

e)      Whether Defendant Betty Lou's properly calculated the percent of the Recommended Daily Value of protein in the Product;

f)      Whether the actions of Defendant Betty Lou's violate the state consumer fraud statutes invoked below;

g)      Whether Defendant Betty Lou's breached an express warranty to Plaintiff and Class members;

h)    Whether the Defendants were unjustly enriched at the expense of the Plaintiff and Class members; and

i)    Whether Defendant Betty Lou's was negligent per se in labeling and harmed the Plaintiff and Class members.

51.    The Defendants engaged in common courses of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of herself and the other Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.  The common questions will yield common answers that will substantially advance the resolution of the case.

52.    In short, these common questions of fact and law predominate over questions that affect only individual Class members.

53.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the claims of the other members of the Classes because, among other things, all Class members were comparably injured through the uniform misconduct described above.  Further, there are no defenses available to any Defendant that are unique to Plaintiff.

54.    All Class and Subclass members suffered similar economic injury due to the improper conduct complained of herein; and Plaintiff seeks the same relief as the Class and Subclass members.

55.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests.  Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendants.

56.     Furthermore, Plaintiff has selected competent counsel experienced in class action and other complex litigation.  Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

57.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy.  Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant.  The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

58.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** The Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

59.     Unless a class-wide injunction is issued, the Defendants will likely continue to engage in an unlawful and misleading manner, as described throughout this Complaint, and members of the Class and Subclass will continue to be misled, harmed, and denied their rights under the law.

60.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and the other members of the Classes

are relatively small compared to the burden and expense that would be required to individually litigate their claims against the Defendants, so it would be impracticable for Class members to individually seek redress for the wrongful conduct of the Defendants.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

61.      Unless the Class and Subclass are certified, the Defendants will retain monies received as a result of the Defendants' unlawful and deceptive conduct alleged herein.

**1st CLAIM FOR RELIEF ~ AGAINST DEFENDANT BETTY LOU'S**
**Violation of State Consumer Fraud Acts**
**(On Behalf of the Multi-State Class)**

62.      Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

63.      Plaintiff brings this claim individually and on behalf of the members of the Multi-State Class against Defendant Betty Lou's.

64.      Defendant Betty Lou's has engaged in deceptive trade practices, i.e., activities calculated to mislead or lure the public into purchasing a product or service.

65.      Deceptive trade practices, such as false advertising, are given special status as offenses against the citizenry in general, and are therefore accorded special enforcement status by law in all of the various jurisdictions of the United States.

66.      The Unfair and Deceptive Acts and Practices Statutes and/or Consumer Protection Acts law governing the Multi-State Class is that of those states with substantially similar consumer

fraud laws to that of the District of Columbia under the facts of this case, D.C. Code § 28-3901, *et seq.*, which prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

67.     Such state laws may include, but are not limited to:  Ala. Code § 8-19-1 *et seq.*; Alaska Stat. § 45.50.471 *et seq.*; Ariz. Rev. Stat. Ann. § 44-1521 *et seq.*; Ark. Code Ann. § 4-88-101 *et seq.*; Cali. Bus. & Prof. § 17000 *et seq.*; Colo. Rev. Stat. § 6-1-101 *et seq.*; Conn. Gen. Stat. § 42-110a *et seq.*; Del. Code Ann. tit. 6 § 2511 *et seq.* & 2580 *et seq.*; D.C. Code Ann. § 28-3901 *et seq.*; Fla. Stat. § 501.201 *et seq.*; Ga. Code Ann. § 10-1-370 *et seq.* and § 10-1-390 *et seq.*; Haw. Rev. Stat. § 481A *et seq.*; Idaho Code Ann. § 48-601 *et seq.*; 815 Ill. Comp. Stat. 505/1 *et seq.*; Ind. Code Ann. § 24-5-0.5-1 *et seq.*; Iowa Code § 714.16 *et seq.*; Kan. Stat. Ann. § 50-623 *et seq.*; Ky. Rev. Stat. Ann. § 367.110 *et seq.*; La. Rev. Stat. Ann. § 51:1401 *et seq.*; Me. Rev. Stat. Ann tit. 5, § 205-A *et seq.* and tit. 10, § 1211 *et seq.*; Md. Code Ann., Com. Law § 13-101 *et seq.*; Mass. Gen. Laws ch. 93A, § 1 *et seq.*; Mich. Comp. Laws § 445.901 *et seq.*; Minn. Stat. § 831 and § 325D.43 *et seq.*; Miss. Code Ann. § 75-24-1 *et seq.*; Mo. Ann. Stat. § 407.010; *et seq.*; Mont. Code Ann. § 30-14-101 *et seq.*; Neb. Rev. Stat. Ann. § 87-301 *et seq.*; Nev. Rev. Stat. Ann. § 598.0903 *et seq.*; N.H. Rev. Stat. Ann. § 358-A:1 *et seq.*; N.J. Stat. Ann. § 56:8-1 *et seq.*; N.M. Stat. § 57-12-1 *et seq.*; N.Y. Gen. Bus. Law § 349 *et seq.* and § 350 *et seq.*; N.C. Gen. Stat. § 75-1 *et seq.*; N.D. Cent. Code § 51-10-01 *et seq.*; Ohio Rev. Code Ann. § 1345.01 *et seq.* and § 4165.01 *et seq.*; Okla Stat. tit. 15, § 751 *et seq.*; Or. Rev. Stat. § 646.605 *et seq.*; 73 Pa. Stat. Ann. §§ 201-1 *et seq.*; R.I. Gen. Laws §§ 6-13.1-1 *et seq.*; S.C. Code Ann. § 39-5-10 *et seq.*; S.D. Codified Laws § 37-24-1 *et seq.*; Tenn. Code Ann. § 47-18-101 *et seq.*; Tex. Bus. & Com. Code Ann. § 17.41 *et seq.*; Utah Code Ann. § 13-11a-1 *et seq.*; Vt. Stat. Ann. tit. 9, § 2451 *et seq.*; Va. Code Ann. §§ 59.1-196 *et seq.*; Wash Rev. Code § 19.86.010 *et seq.*; W. Va. Code §

46A-6-101 *et seq.*; Wis. Stat. § 100.18 *et seq.* and § 421 *et seq.*; and Wyo. Stat. Ann. §§ 40-12-101 *et seq.*

**68.** Plaintiff accordingly brings this claim on behalf of the Multi-State Class Class for "Violation of State Consumer Fraud Acts" to seek redress for the deceptive acts and practices of Defendant Betty Lou's that are in violation of the various states' consumer protection statutes.

**69.** The acts and practices of Defendant Betty Lou's—including its false, deceptive, and misleading statements and omissions in the marketing and labeling of the Product—would be material to any reasonable consumer's decision whether to buy the Product, and Defendant Betty Lou's intended that Plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon the deceptive conduct, and a reasonable person would in fact be misled.

**70.** The deceptive and unfair trade practices of Defendant Betty Lou's have been carried out in the course of conducting the Defendant's business, trade, and commerce.

**71.** The wrongful acts of Defendant Betty Lou's—including its efforts to mislead consumers regarding the actual percent of protein provided by the Product—are willful, unfair, unconscionable, deceptive, contrary to public policy and injurious to consumers.

**72.** The acts and practices of Defendant Betty Lou's are unconscionable and actuated by bad faith, lack of fair dealing, actual malice, are accompanied by a wanton and willful disregard for consumers' well-being, and are motivated solely by the desire for financial gain.

**73.** As a result of the use or employment by Defendant Betty Lou's of unfair or deceptive acts or business practices, Plaintiff and each of the other members of the Consumer Fraud Multi-State Class have sustained damages in an amount to be proven at trial.

**74.** In addition, the conduct of Defendant Betty Lou's showed malice, improper motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

75.    The deceptive and unfair acts and practices of Defendant Betty Lou's are ongoing and may be expected to continue into the future absent judicial relief.

76.    Plaintiff and the National Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.

### 2nd CLAIM FOR RELIEF ~ AGAINST DEFENDANT BETTY LOU'S
### Violation of the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, et seq.
### (In the Alternative to Count I And on Behalf of the District of Columbia Subclass)

77.    Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

78.    Plaintiff brings this claim individually and on behalf of the members of the District of Columbia Subclass against Defendant Betty Lou's.

79.    "A consumer may bring an action seeking relief from the use of a trade practice in violation of a law of the District.  An individual may, on behalf of that individual, or on behalf of both the individual and the general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased or received in order to test or evaluate qualities pertaining to use for personal, household, or family purposes." D.C. Code § 28-3905(k)(1)(A and B).

80.    By the acts and conduct alleged herein, Defendant Betty Lou's committed unfair or deceptive acts and practices by making the Misrepresentations.

81.    The foregoing deceptive acts and practices were directed at consumers.

82.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, and benefits of the Products to induce consumers to purchase same.

83.    Plaintiff and members of the District of Columbia Subclass were injured because: (a) they would not have purchased the Product if they had known that the Product did not contain the represented protein content; (b) they paid a price premium for the Product based on the Misrepresentations of Defendant Betty Lou's; and (c) the Product does not have the characteristics, uses, or benefits as promised, namely the represented protein content. As a result, Plaintiff and members of the District of Columbia Subclass have been damaged either in the full amount of the purchase price of the Product or in the difference in value between the Product as warranted and the Product as actually sold.

84.    On behalf of herself and other members of the District of Columbia Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, restoration of money and property, and to recover treble damages or 1,500 dollars per violation, whichever is greater, reasonable attorneys' fees, and punitive damages.

### 3rd CLAIM FOR RELIEF ~ AGAINST DEFENDANT BETTY LOU'S
### False Advertising Negligence per se, D.C. Code §§ 22-1511 and 48-103(Q)(iii)
### (In the Alternative to Count I and on Behalf of the District of Columbia Subclass)

85.    Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

86.    Plaintiff brings this claim individually and on behalf of the members of the District of Columbia Subclass against Defendant Betty Lou's.

87.    At all times pertinent hereto, D.C. Code §§ 22-1511 and 48-103(Q)(iii) were in effect in the District of Columbia.

88.    D.C. Code §§ 22-1511 prohibits false advertising and D.C. Code § 48-103(Q)(iii) prohibits the sale of dietary supplements "not composed of all of the ingredients advertised or printed or written on the . . . labels."

89.     A person is considered negligent if that person violates a statute or regulation (including D.C. Code §§ 22-1511 and 48-103(Q)(iii)) that has been enacted to protect individuals in the position of the Plaintiff and the other members of the Classes.

90.     Defendant Betty Lou's violated D.C. Code §§ 22-1511 and 48-103(Q)(iii), and was negligent.

91.     As a result of the negligence of Defendant Betty Lou's, Plaintiff and the other members of the Classes have suffered injury.

92.     Plaintiff and the other members of the Classes are entitled to reasonable compensation for the harm caused by Defendant Betty Lou's.

93.     On behalf of herself and other members of the District of Columbia Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, restoration of money and property, and to recover treble damages or 1,500 dollars per violation, whichever is greater, reasonable attorneys' fees, and punitive damages.

**4th CLAIM FOR RELIEF ~ AGAINST DEFENDANT BETTY LOU'S**
**Breach of Express Warranty**
**(On Behalf of the National Class)**

94.     Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

95.     Plaintiff brings this claim individually and on behalf of the members of the National Class against Defendant Betty Lou's.

96.     The law of the 50 states and of the District of Columbia does not differ materially as to the elements of breach of express warranty.

97.     Plaintiff, and each member of the National Class, formed a contract with Defendant Betty Lou's at the time Plaintiff and the other National Class members purchased the Products. The

terms of the contract included the promises and affirmations of fact made by Defendant Betty Lou's on the Product's packaging and throughout its marketing and advertising, including the total protein count contained in the Product. This labeling, marketing and advertising constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and the members of the National Class and Defendant Betty Lou's.

98.    Defendant Betty Lou's purports through the company's advertising, labeling, marketing and packaging to create an express warranty that the Product contained a specific protein content.

99.    Plaintiff and the National Class performed all conditions precedent to the liability of Defendant Betty Lou's under this contract when they purchased the Product.

100.    Defendant Betty Lou's breached express warranties about the Product and their qualities because the statements of Defendant Betty Lou's about the Product were false and the Product does not conform to Defendant's affirmations and promises described above.

101.    Plaintiff and each of the members of the National Class would not have purchased the Product had they known the true nature of the Product's ingredients and what the Product did and did not contain.

102.    As a result of the breach of express warranty by Defendant Betty Lou's, Plaintiff and each of the members of the National Class have been damaged in the amount of the purchase price of the Product and any consequential damages resulting from the purchases.

103.    Within a reasonable time after discovery of the breach of express warranty and prior to filing this action, Plaintiff's counsel sent Defendant Betty Lou's a pre-suit notice letter that complied in all respects with U.C.C. §§ 2-313 and 2-607 (the receipt of which by Defendant's agent was ascertained).

104.     Plaintiff and the National Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.

## 5th CLAIM FOR RELIEF ~ AGAINST DEFENDANT BETTY LOU'S
### Fraud
### (In the Alternative to Count IV and on Behalf of the National Class)

105.     Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

106.     Plaintiff brings this claim individually and on behalf of the members of the National Class against Defendant Betty Lou's.

107.     The law of the 50 states and of the District of Columbia does not differ materially as to the elements of fraud.

108.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and District of Columbia Subclass against Defendant Betty Lou's.

109.     As discussed above, Defendant Betty Lou's provided Plaintiff and Class members with false or misleading material information about the Product, including (but not limited to) the fact that the Product contains less protein than what is represented on the Product's packaging.  These misrepresentations and omissions were made with knowledge of their falsehood.

110.     The misrepresentations and omissions made by Defendant Betty Lou's, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

111.     The fraudulent actions of Defendant Betty Lou's caused damage to Plaintiff and Class members, and constitutes ongoing conduct that should be enjoined.

112.    Plaintiff and the National Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.

### 6th CLAIM FOR RELIEF ~ AGAINST DEFENDANT BETTY LOU'S
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.
### (On Behalf of the National Class)

113.    Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

114.    Plaintiff brings this claim individually and on behalf of the members of the National Class against Defendant Betty Lou's.

115.    The Product is a consumer product as defined in 15 U.S.C. § 2301(1).

116.    Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

117.    Defendant Betty Lou's is a supplier and warrantor as defined by law in 15 U.S.C. § 2301(4) and (5).

118.    In connection with the sale of the Product, Defendant Betty Lou's issued written warranties as defined in 15 U.S.C. § 2301(6), warranting the Product contained 20g of protein.

119.    In fact, the Product does not contain 20g of protein.

120.    By reason of the breach of warranty by Defendant Betty Lou's, Defendant violated the statutory rights due to Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and Class members.

121.    Plaintiff and Class members have been injured because: (a) they would not have purchased the Product if they had known that the Product did not contain the represented protein content; (b) they paid a price premium for the Product based on the Misrepresentations of

Defendant Betty Lou's; and (c) the Product does not have the characteristics, uses, or benefits as promised, namely the represented protein content. As a result, Plaintiff and Class members have been damaged either in the full amount of the purchase price of the Product or in the difference in value between the Product as warranted and the Product as actually sold.

**7th CLAIM FOR RELIEF ~ DEFENDANT CVS AND DOE DEFENDANTS**
**Negligence**
**(On Behalf of the National Class)**

122.    Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

123.    Plaintiff brings this claim individually and on behalf of the members of the National Class against Defendant CVS and the Doe Defendants.

124.    The law of the 50 states and of the District of Columbia does not differ materially as to the elements of negligence, both as to the professional and the ordinary care owed to the Plaintiff and the members of the National Class by Defendant CVS and the Doe Defendants.

125.    Defendant CVS and the Doe Defendants are professionals, and as such Defendant CVS and the Doe Defendants have a duty to use the degree of care that a reasonably competent person follows under the same or similar circumstances.

126.    Professionals must meet the standard of care in the relevant field of professional conduct.

127.    Also, a reasonable professional under the standard of care changes conduct according to the danger the professional knows, or should know, exists.  Therefore, as the danger increases, a reasonable professional under the standard of care acts in accordance with those circumstances.

128.    Under the circumstances described in this complaint, Defendant CVS and the Doe Defendants should have met the relevant professional standard of care with respect to their promotional activities and enablements of the improper activity of Defendant Betty Lou's, and

especially regarding the product placement and buttressing of the reputation of the Product in connection with the Defendants' own brands, which deceived Plaintiff and the Class regarding the actual attributes of the Product.

129.   Defendant CVS and the Doe Defendants did not meet the professional standard of care expected to be met by reasonably competent persons under the same or similar circumstances.

130.   The failure of Defendant CVS and the Doe Defendants to meet this standard caused harm to Plaintiff and Class members.

131.   Plaintiff and Class members are entitled to damages as compensation for that harm caused by the failure of Defendant CVS and the Doe Defendants to meet the relevant professional standard of care.

132.   Among the standard of care elements owed by Defendant CVS and the Doe Defendants to the Plaintiff and Class members, Defendant CVS and the Doe Defendants had a legal duty to give warnings to potential users of the Product – knowing that use of the Product could cause foreseeable harm to users of the Product, such as reliance on a promised protein intake level that could not in fact be provided by the Product.

133.   Because the risk of the Product not providing protein as promised was not obvious to the Plaintiff and to Class members, Defendant CVS and the Doe Defendants were required to adequately advise of risks in using the product, but failed to do so.

134.   Alternatively to the negligence of Defendant CVS and the Doe Defendants based on a professional standard of care, Defendant CVS and the Doe Defendants also were negligent for not using ordinary care with respect to their promotional activities and enablements of the improper activity of Defendant Betty Lou's, and especially regarding the product placement and

buttressing of the reputation of the Product in connection with the Defendants' own brands, which deceived Plaintiff and the Class regarding the actual attributes of the Product.

135.    Defendant CVS and the Doe Defendants failed to exercise ordinary care because their actions were of the kind that a person using ordinary care would not do, and their failures to act appropriately were something that a person using ordinary care would not fail to do.  In connection with the events related to the Product as described in this complaint, Defendant CVS and the Doe Defendants did not use the same level of skill, caution, and attention that a reasonable person would use in similar circumstances.

136.    The failures of Defendant CVS and the Doe Defendants to use ordinary care (or, alternatively, to meet their professional standard of care) caused harm to Plaintiff and Class members.

137.    Plaintiff and Class members are entitled to damages as compensation for the harm caused by the negligence of Defendant CVS and the Doe Defendants.

138.    Plaintiff and the National Class accordingly demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled to from Defendant CVS and the Doe Defendants.

**8th CLAIM FOR RELIEF ~ ALL DEFENDANTS**
**Civil Conspiracy**
**(On Behalf of the National Class)**

139.    Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

140.    Plaintiff brings this claim individually and on behalf of the members of the National Class against all Defendants.

141.    The law of the 50 states and of the District of Columbia does not differ materially as to the elements of civil conspiracy.

142.    Upon information and belief, all of the Defendants, or some of them, agreed (by words or conduct) to deprive Plaintiff and other members of the National Class of knowledge of the truth of the Product and the actual attributes of the Product, and to promote and encourage sales of the Product to unsuspecting consumers, despite the prejudice and harm that would occur to Plaintiff and other members of the National Class by the Defendants' refusal to follow the law.

143.    Defendants have conspired to accomplish an unlawful goal, or have conspired to accomplish a goal through unlawful means.

144.    All Defendants are jointly and severally liable for conspiring to promote and encourage sales of the Product to unsuspecting consumers.

145.    As a direct and proximate result of the actions of Defendants complained of herein, Plaintiff and other members of the National Class have suffered in the past and will continue to suffer in the future, the injuries, damages and losses set forth herein.

146.    Plaintiff and the National Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.

### 9th CLAIM FOR RELIEF ~ ALL DEFENDANTS
### Unjust Enrichment
### (On Behalf of the National Class)

147.    Plaintiff incorporates all paragraphs herein that were set forth previously as if they were set forth specifically in this cause of action.

148.    Plaintiff brings this claim individually and on behalf of the members of the National Class against all Defendants.

149.    The law of the 50 states and of the District of Columbia does not differ materially as to the elements of unjust enrichment (aka quasi contract).

150.    Defendant Betty Lou's, through its marketing and labeling of the Product, misrepresented and deceived Plaintiff and the Class regarding the amount and percent of protein provided by the Product.

151.    Defendant CVS and the Doe Defendants, through the promotional activities and enablements of Defendant CVS and the Doe Defendants, and especially on the product placement and buttressing of the reputation of the Product in connection with the Defendants' own brands, deceived Plaintiff and the Class regarding the actual attributes of the Product.

152.    The Defendants intended to and did enrich the businesses at the expense of Plaintiff and the Class.

153.    Plaintiff and the other Class members of conferred benefits on the Defendants by purchasing the Product, including an effective premium, above the true value of the Product. Defendants appreciated, accepted, and retained the benefit to the detriment of Plaintiff and the Class.

154.    The Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and the other members of the National Class' purchase of the Product.  Retention of those monies under these circumstances is unjust and inequitable because the improper and unlawful conduct of the Defendants was misleading to consumers, which caused injuries to Plaintiff and the other members of the National Class because they would have not purchased the Product if the true facts would have been known.

155.    Because the Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and the other members of the National Class is unjust and inequitable, the Defendants

must pay restitution to Plaintiff and the other members of the National Class for their unjust enrichment, as ordered by the Court.

156.    Plaintiff and the National Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.  Plaintiff, individually and on behalf of the Class members, seeks disgorgement of the ill-gotten gains of the Defendants.  Plaintiff and the Class seek the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A.    Certify the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Order that Plaintiff be appointed as class representative for the National Class and Multi-State Class, and the District of Columbia Subclass; and that the undersigned be appointed as class counsel for the National Class and Multi-State Class, and the District of Columbia Subclass;

C.    Order that the Defendants (jointly and severally) bear the costs of notification to the National Class and Multi-State Class, and the District of Columbia Subclass members;

D.    Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Classes in an amount to be determined at trial;

E.    Award Plaintiff and the Classes their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

F.      Grant restitution to Plaintiff and the Classes and require Defendants to disgorge

their ill-gotten gains;

G.      Permanently enjoin the Defendants from engaging in the unlawful conduct set

forth herein; and

H.      Grant any and all such other relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.


Dated: May 11, 2020

                              Respectfully submitted,

                              LAW OFFICE OF
                              MOHAIMINA HAQUE, PLLC


                              By:   _/s/ Mohaimina Haque_____
                                    Mohaimina Haque
                                    D.C. Bar No. 1644522
                                    1629 K Street, NW, Suite 300
                                    Washington, D.C.  20006
                                    Tel. 202-355-6384
                                    Email - mina@attorneymina.com

                                    J. Nelson Happy
                                    D.C. Bar No. 435987
                                    Participating pursuant to LCvR 83.2(d)
                                    1629 K Street, NW, Suite 300
                                    Washington, D.C.  20006

                              ATTORNEYS FOR PLAINTIFF